UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

LABRYANT MCCLENDON,           )
                              )
        *Plaintiff,*          )
v.                            )
                              )        No. 1:11-cv-272
DR. BILL WILSON, DR. ROBERT   )        *Chief Judge Curtis L. Collier*
STROKES                       )
                              )
        *Defendants.*         )

## MEMORANDUM

This suit arises under 42 U.S.C. § 1983. Plaintiff LaBryant McClendon ("McClendon") alleges Dr. Bill Wilson ("Dr. Wilson") was deliberately indifferent to his serious medical condition thus constituting cruel and unusual punishment in violation of his rights under the Eighth Amendment of the United States Constitution.

For the reasons explained below, no service shall issue and this complaint will be **DISMISSED** *sua sponte* (Court Doc. 2).

## I.    Motion to Amend

Plaintiff has also filed a motion requesting to amend his complaint to add Sheriff Jim Hammond as a defendant. It is unclear whether the complaints about his conditions of confinement included in his motion to amend are presented as a list of the items he claims he presented to the Sheriff but the Sheriff never addressed, or if Plaintiff is including the complaints about his conditions of confinement as specific claims against the Sheriff (Court File No. 2). The Court discerns it is the latter. In his motion to amend, Plaintiff submits a

litany of factually undeveloped complaints, i.e., he is housed on the medical floor where he is locked in his cell for more than twenty hours a day; he was told to do his own physical therapy in his cell; because he lays around for twenty hours a day he developed a bed sore; he is not getting his medicine as prescribed; he has to yell or bang on the door to get the guard's attention; he has to eat his meals in his cell; and the trips to the hospital are difficult because the jail does not have handicap vehicles.

Aside from the fact that none of Plaintiff's claims appears to comply with the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and it appears Plaintiff has failed to allege any constitutional violation, Plaintiff is attempting to join multiple defendants and claims in violation of Rule 20 of the Federal Rules of Civil Procedure. In his motion to amend, Plaintiff requests to add Sheriff Hammond as a defendant and add claims against the Sheriff to a pending lawsuit against different defendants and unrelated claims. Rule 20 of the Federal Rules of Civil Procedure permits the joinder of defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2)(A) & (B) (emphasis added). Rule 20, however, does not permit the joinder of unrelated claims and defendants in one lawsuit. *George v. Smith*, 507 F.3d 605 (7thCir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fee–for the Prison Litigation Reform Act limits to 3 the

2

number of frivlous suits or appeals that any prisoner may field without prepayment of the required fees.")

In his original complaint, Plaintiff complains that on August 4, 2011, Dr. Bill Wilson refused to order an MRI of his shoulder (Court File No. 2). As previously noted, in his recently filed motion to amend the complaint he requests to amend the complaint by adding Sheriff Hammond as a defendant. Without any reference to dates, he presents a list of conditions of confinement which he presumably claims are unconstitutional and for which he presumably claims the Sheriff is responsible (Court File No. 3). None of the conditions of confinement relates to the denial of an MRI or the defendants named in the original complaint.

Thus, Plaintiff has neither alleged facts tying the individual defendants to the various claims asserted in the proposed amended complaint, nor tied Sheriff Hammond to the claim asserted in the original complaint. A review of the original complaint and the proposed amendment reveals he has failed to tie at least one claim to relief against each of the defendants that arises out of the same transaction or occurrence and presents questions of law or fact common to all. Fed.R.Civ.P. 10(a)(2). The new claims alleged in the proposed amended complaint are completely unrelated to the claims asserted in the original complaint against Dr. Bill Wilson. Accordingly, Plaintiff's motion to amend is **DENIED** (Court File

No. 3). The Clerk will be **DIRECTED** to send Plaintiff the proper forms to file a separate § 1983 complaint if he so chooses.

3

## II.	Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Since Plaintiff is a prisoner at the Hamilton County Jail in Chattanooga, TN, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee but **DENIED** to the extent the filing fee will not be waived. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, is **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is the greater of

(a)	twenty percent (20%) of the average monthly deposits to Plaintiff's

4

inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail in Chattanooga, Tennessee, the Commissioner of the Tennessee Department of Corrections, and the State Attorney General to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available.  This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution.  The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

## III.     Standard of Review

### A.     *Pro Se Pleadings*

5

All well-pleaded factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusion" will not do. *Id.*. at 555. A *pro se* pleading, however, must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Nevertheless, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B.	Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e).  Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## IV.	Facts

On August 4, 2011, Plaintiff went to the Hamilton County Jail's medical department for "sick call" with complaints of shoulder and neck pain, and pain in his back and legs from having to pull himself "up in the van on [his] way to court" on August 2, 2011.  Dr. Wilson told Plaintiff the shoulder and neck pain was probably caused from sleeping "wrong."  When Plaintiff complained further about his shoulder pain Dr. Wilson explained that the results of a test that had been performed on his shoulder revealed "everything was okay[,]" and he had Plaintiff on medication for his pain. (Court File No. 2).  Plaintiff and Dr. Wilson got in an argument about Plaintiff's medical treatment and Dr. Wilson's refusal to order an MRI.  Dr. Wilson explained that the two medications he had prescribed Plaintiff i.e., flexeril and neurontin, were for the pain he was experiencing.

## V.	Analysis

To state a viable § 1983 claim, a plaintiff must allege : (1) he was deprived of a right,

privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, McClendon must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock,* 94 F.3d at 244.

In analyzing a § 1983 claim, the Court must initially determine whether Plaintiff possessed a federal constitutional right that has been invaded. Presumably, Plaintiff alleges he was denied his Eighth Amendment right to receive proper medical care when Dr. Wilson declined to order an MRI on his shoulder

### A. *Medical Claim Against Dr. Bill Wilson*

The Court discerns that Plaintiff complains Dr. Wilson refused to order an MRI on his shoulder to assess why he was experiencing pain. Dr. Wilson ran an unidentified test which he explained to Plaintiff revealed his shoulder "was okay." In addition, Dr. Wilson prescribed Plaintiff two different types of medication for pain. Plaintiff, nevertheless, still experienced pain and contends that Dr. Wilson should have ordered an MRI.

In order to support a constitutional violation of the Eighth Amendment for denial of

8

medical care, a party must demonstrate a deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Thus, to properly establish a violation of 42 U.S.C. § 1983 for failure to provide adequate medical care, a prisoner must prove prison officials acted with deliberate indifference to a serious medical need. *Id.* To establish an Eighth Amendment claim based upon the denial of medical attention, Plaintiff must show Dr. Wilson unnecessarily and wantonly inflicted pain upon him. *Estelle v. Gamble,* 429 U.S. at 103-04; *Saaty v. Voinovich,* 70 F.3d 1273 (6th Cir. Nov. 20, 1995) (Unpublished table decision), *available in* 1995 WL 696672, at *1. To demonstrate deliberate indifference, Plaintiff must show Dr. Wilson knew of and disregarded an excessive risk to his health. *Farmer v. Brennan,* 511 U.S. 825, 835-40 (1994). Deliberate indifference may be "manifested by prison doctors in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. at 104-05. Although Plaintiff and Dr. Wilson allegedly got into an argument about Plaintiff's medical treatment, Plaintiff acknowledges he received medical care, but alleges it was not adequate or sufficient since he was still allegedly experiencing pain and losing control of his bladder.[1]

A difference of opinion between a prisoner patient and prison physician regarding treatment does not give rise to a § 1983 claim. *Woodberry v. Simmons*, 146 Fed.Appx. 976,

---

[1]     Plaintiff did not advise Dr. Wilson that he was losing control of his bladder, thus, Plaintiff cannot establish Dr. Wilson was deliberately indifferent to that alleged medical need as the doctor had no notice of it.

9

977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference"). Generally, once a prisoner has actually been given treatment and the dispute is over the adequacy of such treatment, such dispute does not state a cognizable § 1983 claim. *Estelle v. Gamble,* 429 U.S. at 105-06. Even if the medical personnel's opinion is inaccurate and treatment is unsuccessful, mere negligence or allegedly poor medical judgment does not constitute cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. at 106; *Smith v. Green,* 959 F.2d 236 (6th Cir. April 7, 1992) (Unpublished table decision), *available in* 1992 WL 70179, at *1. Negligence is not actionable under the Eighth Amendment. Ordinary medical malpractice, malpractice that consists of negligent treatment is not cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. at 106. Plaintiff fails to present any evidence to show a deliberate indifference to his serious medical needs.

The record clearly indicates Plaintiff received medical treatment and even though Dr. Wilson did not order an MRI, it was his medical judgment that such was unnecessary since the other test showed no damage to the shoulder. In Dr. Wilson's medical opinion, under the circumstances, the better course of treatment was for Plaintiff to continue the prescribed pain medication. It is clear Dr. Wilson's refusal to order an MRI does not constitute deliberate indifference to Plaintiff's serious medical needs, as Dr. Wilson had previously ordered another test he deemed appropriate which did not reveal a serious medical condition or in his opinion, a need for further testing.

Dr. Wilson's medical opinion to continue Plaintiff on the prescribed pain medication

10

rather than order an MRI did not rise to the level of deliberate indifference required to support a § 1983 claim based on failure to provide medical treatment. The propriety of a certain course of medical treatment is not a proper subject for § 1983 review. Disagreements between an inmate and his prison physician as to the proper medical care do not constitute the deliberate indifference to serious medical needs required to turn a claim of medical malpractice into a constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmates proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged"). Whether to order an MRI is a classic example of a matter for medical judgment as to the appropriate course of treatment. Exercising his professional judgment, Dr. Wilson made the decision to run a test and based on the results of that test, not to order further testing but instead, to continue treatment with pain medication. Although Plaintiff disagrees with the decision, his quarrel is not actionable under § 1983. *See Estell v. Gamble*, 429 U.S. at 105-06.

Plaintiff has failed to demonstrate deliberate indifference on the part of Dr. Wilson. Accordingly, Plaintiff's claim that Dr. Wilson refused to order an MRI in violation of his

Eighth Amendment right will be **DISMISSED** for failing to state a claim upon which relief can be granted.

### B.    *Dr. Robert Strokes*

Although Plaintiff identified Dr. Robert Strokes as a defendant in the style of his complaint, he has failed to allege a single act of unconstitutional conduct against him.

11

Plaintiff's statement of the claim does not include a single reference to Dr. Strokes. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Dr. Strokes.

## VI.     Conclusion

Plaintiff's complaint consists of nothing more than his disagreement with the treatment he received from Dr. Wilson. Plaintiff has failed to demonstrate Dr. Wilson acted with deliberate indifference. Hence, he has failed to raise a claim under the Eighth Amendment. The facts presented simply do not make out a claim for deprivation of federally protected civil rights. Accordingly, Plaintiff's § 1983 complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A judgment will enter **DISMISSING** the Plaintiff's complaint in its entirety.

**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**